**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHELLE LOPER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-2012** |
| | : | |
| **BROOMALL REHAB** | : | |
| **AND NURSING CENTER,** | : | |
| **Defendant.** | : | |

<u>**MEMORANDUM**</u>

**GOLDBERG, J.**                                          **MAY 17, 2021**

Plaintiff Michelle Loper, who is proceeding *pro se*, commenced this civil action in the United States District Court for the Middle District of Pennsylvania by filing a Complaint. (ECF No. 1.) This action was subsequently transferred to this Court. (ECF Nos. 4-6.) Loper asserts claims against Broomall Rehab and Nursing Center ("Broomall Rehab"), averring that she was "assaulted and neglected by staff." (ECF No. 1 at 2.)[1] Loper also seeks leave to proceed *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will grant Loper leave to proceed *in forma pauperis*, dismiss her Complaint, and grant her leave to amend if she is able to allege a proper basis for the Court's jurisdiction over her state law claims.

**I.      FACTUAL ALLEGATIONS**

Loper asserts that she was assaulted and neglected by "staff" during her stay at Broomall Rehab, averring that she sustained bruises on her arm and stomach, and her calls for help were ignored. (ECF No. 1 at 2.) Loper also asserts that she was not properly cleaned and received cold food. (*Id.*) Loper contends that she was given the wrong medication during her stay, resulting in

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

her being admitted to the intensive care unit at St. Luke's Hospital. (*Id.*) Loper seeks money damages for "pain and suffering and medical malpractice." (*Id.*)

## II.  STANDARD OF REVIEW

The Court will grant Loper leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Loper is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

Loper appears only to raise state law tort claims for assault, medical malpractice, and negligence against Broomall Rehab. The only basis for this Court's jurisdiction over any such state law claims is 28 U.S.C. § 1332, which states that a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for

jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship. *Id.* at 107-08.

Loper does not allege the citizenship of the parties. Rather, she provides only Pennsylvania addresses for herself and Broomall Rehab, which suggests that she and Broomall Rehab may be Pennsylvania citizens. Because Loper's allegations do not explicitly reveal the Defendant's citizenship for purposes of plausibly establishing diversity of citizenship, she has failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims she may be raising. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, Civ. A. No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between

the parties. . . . [N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted).  Accordingly, the Court will dismiss the Complaint on that basis.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Loper leave to proceed *in forma pauperis* and dismiss her Complaint.  The dismissal is without prejudice to Loper filing an amended complaint in this case in the event she can allege a basis for subject matter jurisdiction or, alternatively, filing a complaint in state court so she may proceed on her state law claims in that venue.  An appropriate Order follows.